IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WESTERN RADIO SERVICES CO., an Oregon corporation, | Civil No. 05-159-AA<br>OPINION AND ORDER |
|       Plaintiff, | |
|   vs. | |
| QWEST CORPORATION, a Colorado corporation; THE PUBLIC UTILITY COMMISSION OF OREGON; LEE BEYER, Chair; RAY BAUM, Commissioner; and JOHN SAVAGE, Commissioner, in their individual capacities and in their official capacities as Commissioners of the Public Utility Commission of Oregon, | |
|       Defendants. | |

Marianne Dugan
Facaros & Dugan
485 E. 13th Avenue
Eugene, Oregon 97401
    Attorney for plaintiff

Gregory B. Monson
Stoel Rives LLP
201 S. Main Street, Suite 1100
Salt Lake City, Utah 84111

Page 1 - OPINION AND ORDER

Alex M. Duarte
Qwest Corporate Counsel
421 SW Oak Street, Room 810
Portland, Oregon 97204
    Attorneys for defendant Qwest Corporation

Hardy Myers
Attorney General
Michael T. Weirich
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for defendants Public Utility Commission,
    Lee Beyer, Ray Baum and John Savage

AIKEN, Judge:

Plaintiff Western Radio Services brings a complaint for declaratory and injunctive relief pursuant to § 252(e)(6) of the Telecommunications Act of 1996, Pub. Law. No. 104-104, 110 Stat. 56 (1996), codified at 47 U.S.C. §§ 151 et seq. (the "Act"); and 42 U.S.C. § 1983.

Defendants Qwest Corporation ("Qwest") and the Oregon Public Utility Commission, Lee Beyer, Ray Baum and John Savage (collectively the "PUC") move to dismiss plaintiff's third amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. PUC also moves pursuant to 42 U.S.C. § 1988 to recover their reasonable attorney fees and costs. The defendants' motions to dismiss are granted and this case is dismissed. PUC's motion for attorney fees and costs is denied.

BACKGROUND

Plaintiff is a licensed Commercial Mobile Radio Service provider incorporated under the laws of Oregon with its principle place of business in Bend, Oregon. Plaintiff alleges that negotiations under the Act began between Qwest's predecessor, US West and plaintiff in August 1996. Third Amended Complaint, ¶ 16. Negotiations resolved some, but not all, of the issues between the parties and so on March 11, 2004, plaintiff filed a petition with the PUC for arbitration pursuant to § 252(b) of the Act. In its petition, plaintiff identified five issues remaining for arbitration. In its response, Qwest identified ten additional issues for arbitration. Id. at ¶ 18.

The Arbitrator issued his decision on September 20, 2004. See Ex. 1, attached to original Complaint. On October 18, 2004, the PUC adopted the Arbitrator's decision. See Ex. 2, attached to original Complaint. On November 29 and December 1, 2004, plaintiff reviewed Qwest's proposed interconnection agreement, ex. 3, attached to original Complaint, and found some areas "where that document did not comply with the Commission Order." Third Amended Complaint, ¶ 22. Plaintiff alleges that Qwest has refused to negotiate in good faith to resolve the problems raised by plaintiff concerning the Commission's Order.

Plaintiff brings the following causes of action: (1) PUC's violation of delegated authority, 47 U.S.C. ¶¶ 251, 252; (2)

Qwest's failure to negotiate interconnection agreement in good faith, 47 U.S.C. ¶¶ 251(C), 252(A); (3) violation of 42 U.S.C ¶ 1983, civil rights/due process against the Commission and individual defendants; and (4) violation of 42 U.S.C. ¶ 1983 civil rights/equal protection against the Commission and individual defendants.

DISCUSSION

Both Qwest and the PUC move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001)("when subject matter jurisdiction is challenged under [Rule 12(b)(1)], the plaintiff has the burden of proving jurisdiction in order to survive the motion."). Further, in determining a Rule 12(b)(1) motion, the court is not limited to the allegations of the complaint. See Roberts v. Corrothers, 812 F.2d 1173 (9th Cir. 1987). Extrinsic evidence may be considered, and, if disputed, may be weighed by the court. Id. In addition, where the motion is based on extrinsic evidence, no presumptive truthfulness attaches to plaintiff's allegations or any inferences drawn therefrom. Williamson v. Tucker, 645 F.2d 404 (5th Cir. 1981).

The Arbitrator's Order, adopted by the Commission, directed that "within 30 days of the date of the Commission's final order in this proceeding, Qwest and Western shall submit an

interconnection agreement consistent with the terms of this decision." Thirty days following the Order, Qwest notified the Commission that the parties were unable to submit a signed agreement because "[plaintiff] informed Qwest that it had been unable to complete its review of the agreement [signed and sent to it by Qwest], and would not likely be able to do so for a few weeks." Qwest then submitted its proposed agreement to the Commission and requested that the proposed agreement be approved if appropriate. Subsequently, plaintiff notified Qwest that it refused to sign the agreement tendered by Qwest because plaintiff believed that it failed to comply with the Arbitrator's Order. Plaintiff, however, failed to notify the Commission of this matter nor did plaintiff submit an alternate agreement to the Commission for approval. Therefore, the parties have failed to submit a final agreement to the Commission for approval as directed by the Commission.

Pursuant to § 252(e)(1) of the Act, "[a]ny interconnection agreement adopted by negotiation or arbitration shall be submitted for approval to the State commission. A State commission to which an agreement is submitted shall approve or reject the agreement, with written findings as to any deficiencies." Section 252(e)(6) holds:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine

> whether the agreement or statement meets the requirements of section 251 of this title and this section.

Therefore, until an agreement has been "submitted for approval" to the Commission under § 252(e)(1), there cannot be any "determination under this section" pursuant to subsection (e)(6). Until there is a Commission determination under subsection (e)(6), the Commission has not yet concluded its function under the Act, and court review is premature and barred.

I have not found, nor have the parties referred this court to any judicial decisions to the contrary. Every court that has addressed this issue under the Act has held that federal courts lack subject matter jurisdiction until the state commission makes a determination approving or rejecting an interconnection agreement. See generally, GTE North v. Strand, 209 F.3d 909, 917 (6th Cir. 2000)(noting "the many . . . cases in which district judges have refused to review interlocutory orders issued by state commissions in the course of § 252 arbitrations"). See also, GTE Northwest, Inc. v. Hamilton, 971 F.Supp. 1350 (D. Or. 1997)(no subject matter jurisdiction pursuant to § 252(e)(6) prior to the Commission approving or rejecting the interconnection agreement). In Hamilton, defendant AT&T had "not yet submitted" an interconnection for plaintiff GTE's review. As here, plaintiff argued that the court had jurisdiction pursuant to 47 U.S.C. § 252(e)(6). The court disagreed and found no

jurisdiction based on an interpretation of § 252(e)(6) and the conclusion that "a fair reading of § 252(e)(6) compels the conclusion that a district court will be reviewing the Commission's determination from the arbitration proceedings by determining whether the agreement complies with the Act." Id. at 1353.

Plaintiff's reliance on the Supreme Court decision in Verizon Maryland v. Pub. Serv. Comm'n of Md., 535 U.S. 635 (2002) is misplaced. There, the Court held that jurisdiction in the federal court lies when there is no particular state process identified in the Act, and to the extent state process was required, the parties had already completed it. The facts at issue concerned:

> "As required by the Act, the incumbent LEC . . . negotiated an interconnection agreement with competitors[.] The [state commissioners] approved the agreement. Six months later, Verizon informed WorldCom that it would no longer pay reciprocal compensation for telephone calls made by Verizon's customers to the local access numbers of Internet Service Providers (ISPs), claiming that ISP traffic was not 'local traffic' subject to the reciprocal compensation agreement because ISPs connect customers to distant web sites. WorldCom disputed Verizon's claim and filed a complaint with the Commission.

Id. at 639-40.

Specifically, Verizon concerned jurisdiction under § 252 to review a decision interpreting a previously entered agreement (rather than arbitrating the agreement in the first instance) and held that in the absence of a legislative intent to divest

Page 7 - OPINION AND ORDER

jurisdiction, whether § 252 specifically granted jurisdiction, 28 U.S.C. § 1331 remained unaffected. Id. at 641-42. Those are not the circumstances at bar where there exists a specific administrative process set out by statute. 47 U.S.C. § 252. I find no basis to circumvent § 252's state level administrative process.

Similarly, the Ninth Circuit in Pacific Bell v. Pac West Telecomm, Inc., 325 F.3d 1114 (9th Cir. 2003), reviewed a claim arising out of a state commission arbitration that was made after the California Commission made a final determination approving a completed interconnection agreement. Although the interconnection agreement at issue had not been signed when the state commission issued its final order, the final completed agreement had already been filed and approved by the commission. Unlike the situation at bar, there was no further determination for the state Commission to make approving a final agreement. Consistent with this, the Ninth Circuit stated: "After a state commission approves an arbitrated agreement, any 'aggrieved' party to the agreement may bring an action in district court 'to determine whether the agreement . . . meets the requirements of the Act[.] Once the terms are set, either by agreement or arbitration, and the state commission approves the agreement, it becomes a binding contract." Id. at 1120. See also, AT&T Communications Systems v. Pacific Bell, 203 F.3d 1183, 1186 (9th

Cir. 2000)("a state commissions' decision can be 'a determination' [under the Act] even if it is subject to a request for rehearing as long as the decision is operational or binding on the parties in the absence of a request for rehearing."). In approving the appeal, the Ninth Circuit cited the procedural posture in AT&T as follows:

> The arbitrator issued a final report on October 31, 1996, and, as required by the Act, the parties submitted the arbitrated agreement to the [state commission] for approval on November 12, 1996. See 47 U.S.C. § 252(e). The [state commission] issued a decision approving the arbitrated agreement, with certain modifications, on December 9, 1996. AT&T thereafter sought review in federal district court pursuant to section 252 of the Act[.]

203 F.3d at 1184-85.

Here, only the first step outlined by the Ninth Circuit was completed. That is, the Commission issued the Order making findings and conclusions on disputed issues and directed the parties to submit an interconnection agreement complying with the Order. The parties never submitted an agreement due to plaintiff's inability or refusal to review Qwest's proposed agreement; and thereafter, the parties were at an impasse regarding the terms of an interconnection agreement. Plaintiff, however, did not file anything with the Commission objecting to Qwest's proposed terms or otherwise allowing the Commission to address the impasse. The second and third steps outlined above by the Ninth Circuit (Commission approval of an interconnection

Page 9 - OPINION AND ORDER

agreement) remain pending and must be completed prior to jurisdiction vesting with this court.

Finally, this result not only comports with a plain reading of the Act and judicial decisions, it also is supported by sound policy. This court declines to assert jurisdiction prematurely under the Act and thus entangle itself as an "overseer" of ongoing state commission proceedings. The wiser and more efficient course is to allow the Commission to accomplish its task and wait until the Commission approves or rejects the interconnection agreement thus avoiding premature judicial involvement in the administrative decision making process.

As required by statute, the administrative record which is before this court, clearly shows that Qwest and plaintiff have failed to submit to the Commission a mutually agreeable interconnection agreement that conforms to the Commission's Order. AR at Tab 33, p. 865. Until the Commission approves or rejects an interconnection agreement submitted by the parties or otherwise approves an interconnection agreement, any action before this court is premature. Without the Commission's approval of any agreement, this court lacks subject matter jurisdiction over plaintiff's claims. See 47 U.S.C. §§ 252(e)(1), (e)(6); OAR 860-016-0030(12).

Moreover, plaintiff's Second Claim for Relief (Qwest's failure to negotiate an interconnection agreement in good faith)

Page 10 - OPINION AND ORDER

is barred for the reason that the Act does not permit parties to adjudicate such claims in federal court. A claim for failure to negotiate in good faith is remedied through the mediation and arbitration process before the Commission. See § 252 of the Act.

This claim is further barred because this court lacks jurisdiction to review an issue on which the parties agreed or that was otherwise not submitted to the Commission for decision. Jurisdiction lies only in cases where "a State Commission makes a determination under this section" that "any party aggrieved by such determination may bring an action in an appropriate Federal District court." § 252(e)(6). I find no evidence that the Commission made any decision or determination concerning Qwest's alleged failure to negotiate an interconnection agreement in good faith. By raising this claim for the first time in the action before this court, plaintiff is bypassing the Commission entirely and asking this court to assume the role of arbitrator. The court's role is to review the Commission's determination for compliance with Sections 251 and 252. This court lacks jurisdiction to do more.

Finally, regarding plaintiff's third and fourth claims for relief pursuant to 42 U.S.C. § 1983 for money damages, the PUC's well founded motion to dismiss is denied with leave to renew upon this court obtaining proper jurisdiction over this matter.

CONCLUSION

Defendant Qwest's motion to dismiss (doc. 16) and defendant PUC's motion to dismiss (doc. 14) are granted. The PUC's request for oral argument is denied as unnecessary. Further, the PUC's request for attorney fees and costs is denied. All pending motions are denied as moot and this case is dismissed.
IT IS SO ORDERED.

Dated this __25__ day of July 2005.


          /s/ Ann Aiken
          Ann Aiken
          United States District Judge